UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SUSAN LINZA,

    Plaintiff,
vs.

CELEBRITY CRUISES INC.,

    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, SUSAN LINZA (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CELEBRITY CRUISES INC., (hereinafter, "Celebrity" or "Defendant"), and alleges:

**JURISDICTION & VENUE**

1.    This is a personal injury action wherein the damages are in excess of the Court's minimum jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and attorney's fees.

2.    Plaintiff is a citizen of, and domiciled in, the State of North Carolina.

3.    Celebrity is a foreign corporation with its principal place of business located in Miami, Florida.  As such, Celebrity is a citizen of the State of Florida for diversity jurisdiction purposes.

4.    This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 as the parties are completely diverse and the case in controversy exceeds the minimum jurisdictional amount.

5.    The subject personal injury occurred on navigable waters and had the potential to

disrupt maritime commerce. Therefore, this Court also has admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

6. This Court has personal jurisdiction over the Defendant and venue is proper as:

   a. Celebrity's principal place of business is located within Miami-Dade County, Florida;

   b. Celebrity conducts substantial business within the State of Florida, including, but not limited to, operating cruises from Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville; and,

   c. Celebrity submitted to the jurisdiction of this Court via the cruise ticket contract.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(1) as Celebrity resides in this District and the cruise ticket contract requires Plaintiff to file this lawsuit in this District.

## GENERAL ALLEGATIONS

8. The incident which is the subject of this action occurred on or about March 9, 2016 aboard the cruise ship *CELEBRITY ECLIPSE* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

9. At the time of the incident, Plaintiff occupied the status of a passenger.

10. The Vessel was owned and/or operated and/or maintained by Celebrity.

11. On the date alleged above, Plaintiff presented to The Vessel's medical center with a swollen left ankle from a shipboard fall.

12. The Vessel's medical personnel, including Doctor Lenard Gomez Fritz, were:

   a. Wearing Celebrity uniforms;

      b.   Wearing name tags with the Celebrity logo,

      c.   Introduced as ship's officers during shipboard functions;

      d.   Lived aboard the Vessel;

      e.   Were provided emails containing the rccl.com domain;[1]

      f.   Were obligated to follow the orders of the Vessel's master; and,

      g.   Were obligated to bill passengers for medical services in accordance with Celebrity's billing rates.

13.    Plaintiff would not have authorized the ship's medical personnel to treat her if she had known that they were not employees of Celebrity.

14.    The Vessel's Doctor Leonardo Gomez Fritz took an x-ray of her left ankle and diagnosed her with distal fibula and bimalleolar closed fractures. Dr. Fritz wrapped Plaintiff's ankle in an ACE bandage but failed to properly immobilize the ankle. An attendant who was employed by Celebrity and a crewmember of the Vessel transported Plaintiff to her cabin via wheelchair. The crewmember wheeled Plaintiff to her cabin door but did not think he could fit the wheelchair through the door frame. The crewmember, without calling for assistance, picked Plaintiff up into his arms and attempted to carry her into the cabin. While in the process of carrying her into the cabin, the attendant dropped Plaintiff causing her to fall to the ground. The impact was so great to cause compound factor of wherein the distal fibula protruded the skin.

15.    Plaintiff then returned to the Vessel's medical facility wherein she stayed the night until she was medically disembarked the next day in Curacao. Plaintiff underwent a surgery in Curacao. Plaintiff was hospitalized in Curacao and bedridden for multiple days before returning home to the North Carolina. After returning home to North Carolina, Plaintiff sought

---

[1] "rccl" stands for Royal Caribbean Cruise Lines which is Celebrity's parent corporation.

follow up medical care. Her doctor in North Carolina recommended, and Plaintiff underwent, a second ankle surgery performed on March 21, 2016. She was again bedridden for a period of time before being able to walk albeit with assistive walking devises until she progressed with the healing process to the point of being able to walk without assistive walking devises. Despite being able to walk, Plaintiff still endures lingering pain.

## COUNT I
## NEGLIGENCE

16. Plaintiff re-alleges all allegations pled in paragraphs 1 through 15 above as if alleged fully herein.

17. Celebrity owed Plaintiff the duty of reasonable care under the circumstances for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

18. Celebrity was negligent as it breached its duty by:

   a. Not providing Plaintiff with an appropriate wheelchair that would allow her entry into her cabin;

   b. Failing to provide Plaintiff with reasonable assistive walking devices to allow her to enter her cabin after having her leg immobilized;

   c. Having one of its crewmembers carry Plaintiff into her cabin in an improper manner;

   d. Not providing an adequate amount of crewmembers to carry Plaintiff into her cabin;

   e. Failing to properly train the crewmember assigned to assist Plaintiff into her cabin on the proper methods of carrying injured persons in a safe manner;

   f. Using an improper method by which to carry Plaintiff into her cabin;

and/or,

g. Failing to assign Plaintiff to a handicap assessable cabin after she was diagnosed with having sustained distal fibula and bimalleolar closed fractures and could not ambulate.

19. Celebrity:

a. Caused the subject incident when its crewmember dropped Plaintiff; and/or

b. Had actual or constructive knowledge of the dangerous condition as it never trained the attendant on the proper methods of transporting an injured passenger who sustained an ankle or lower appendage fractures.

20. As a result of Celebrity's negligence, Plaintiff suffered bodily injury and aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing in nature.

WHEREFORE, the Plaintiff demands judgment against Celebrity for damages suffered as a result of the alleged incident and injury, including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment costs and lost earnings experienced in the past and/or to be experienced in the future, together with all taxable court costs and pre and post judgment interest.

## COUNT II
## VICARIOUS LIABLITY FOR THE NEGLIGENCE
## OF THE SHIPBOARD MEDICAL PERSONNEL BASED UPON APPARENT AGENCY

21. Plaintiff re-alleges all allegations pled in paragraphs 1 through 15 above as if

alleged fully herein.

22. Celebrity charges for medical services provided to its passengers aboard its cruise ships including the Vessel.

23. The Vessel's doctors, including Dr. Leonardo Gomez Fritz, owed the duty of reasonable care under the circumstances for the safety of the cruise passengers including Plaintiff.

24. The Vessel's doctors, including Dr. Leonardo Gomez Fritz, breached their duty to Plaintiff and thereby negligent by:

   a. Failing to properly stabilize / splint and/or immobilize Plaintiff's left ankle after diagnosing her as having sustained distal fibula and bimalleolar closed fractures so that the bones would not be displaced while being transferred or if the ankle received additional trauma;

   b. Dispatching a crewmember to wheel Plaintiff back to her cabin instead of admitting her into the medical facility after diagnosing her as having sustained distal fibula and bimalleolar closed fractures;

   c. Failing to request that Plaintiff be assigned to a handicap assessable cabin; and/or

   d. Failing to train the available crewmembers on the proper methods of transporting people with fractured ankles and/or lower appendages.

25. As a direct and proximate result of the Vessel's medical personnel, including Dr. Leonardo Gomez Fritz's, negligence Plaintiff suffered severe injuries, pain and suffering, inconvenience, disability, scarring and/or disfigurement, mental anguish, loss of capacity for the enjoyment of life and the expense of medical and nursing care and treatment. These damages

have occurred in the past and will likely occur in the future.

26. Celebrity is vicariously liable for the negligence acts of the Vessel's doctors as the Vessel's doctors were the apparent agents of Celebrity.

27. At all material times, the Vessel's doctors were acting within the course and scope of their apparent agency with Celebrity.

28. At all material times, Celebrity held its shipboard medical personnel, including Dr. Leonardo Gomez Fritz out as its agents, employees and/or members of the Vessel's crew and had authority to act for the benefits of Celebrity by:

   a. Making the doctors offers of the Vessel;

   b. Requiring the doctors to wear officer's uniforms including epaulets and stripes indicating rank and hierarchy among the Vessel's crew;

   c. Requiring the doctors to wear name badges with the Celebrity name and corporate logo;

   d. Providing the doctors with emails containing the rccl.com domain which is the domain of Celebrity's parent corporation Royal Caribbean Cruises Ltd.;

   e. Introducing the Vessel's medical doctors to passengers as officers along with the other crew and officers at the Captain's cocktail party and other shipboard events;

   f. Allowing the Vessel's medical doctors to eat with the crew;

   g. Providing the Vessel's medical doctors an area aboard the Vessel and equipment to examine and treat passengers;

   h. Requiring the Vessel's medical doctors to charge passengers for their medical services in accordance with Celebrity medical billing procedures; and/or,

      i. Placing the Vessel's medical doctors under the command of the Vessel's master.

29. Based upon the belief that the shipboard medical personnel, including Dr. Leonardo Gomez Fritz, were agents of Celebrity, Plaintiff consented to be treated aboard the Vessel.

30. By Celebrity's representing or otherwise holding out the Vessel's medical doctors as its agents, employees and/or members of the Vessel's crew, Plaintiff was reasonable in believing that the Vessel's doctors the agents of Celebrity.  Given that Celebrity basis of operation is in the United States and the Vessel departed from and was scheduled to return to United States Port, Plaintiff acted reasonably when she relied that the care and skill of the Vessel's doctors met that of what she would have received by a licensed doctor in the United States. Specifically, Plaintiff:

    a. Agreed to be charged by Celebrity for the doctor's medical services; and,

    b. Decided to be treated by the Vessel's doctors instead of disembarking the ship the next day at Curacao and flying back to North Carolina to be treated by doctors who met the rigors of medical training required in the United States.

31. Plaintiff relied upon these representations to her detriment as the Vessel's

32. Had Plaintiff known that the shipboard medical personnel, including Dr. Leonardo Gomez Fritz, were independent contractors and not Celebrity employees, she would not have authorized medical treatment and would intend have undertaken efforts to find alternative medical care.

33. Plaintiff relied upon Celebrity's representation to her detriment as the shipboard medical personnel, including Dr. Leonardo Gomez Fritz, did not provide proper or adequate

medical care which lead to the aggravation and worsening of her ankle injury.

WHEREFORE, the Plaintiff demands judgment against Celebrity for damages suffered as a result of the incident and injury, including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment costs and lost earnings experienced in the past and/or to be experienced in the future, together with all taxable court costs and pre and post judgment interest.

*   *   *

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Submitted this 15th day of July, 2016.**

**Brais Brais Rusak**
*Counsel for Plaintiff*
Dadeland Towers
9300 S. Dadeland Blvd.
Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile:  (305) 416-2902

By: */s/ RICHARD D. RUSAK*
       RICHARD D. RUSAK
       Florida Bar No. 0614181
       KEITH S. BRAIS
       Florida Bar No.: 0863319